1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

9

10

11

12

13

14

15

16

17

18

Kenneth Alvarez, an Individual Provider in Washington,

                    Plaintiff,

    v.

GOVERNOR JAY INSLEE, in His Official Capacity as Governor of the State of Washington; KEVIN W. QUIGLEY in His Official Capacity as Director of the Washington Department of Social and Health Services ("DSHS"), SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW ("SEIU 775"), a labor organization; SEIU Healthcare NW Training Partnership ("Partnership"),

                    Defendants.

NO. 3:16-cv-5111

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

19

20

21

22

23

24

## I.     INTRODUCTION

1.      This case seeks to enforce First Amendment protections against compelled receipt of speech. The State is compelling Kenneth Alvarez ("Plaintiff") and all other Washington State individual providers ("IPs") to receive Defendant SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW ("SEIU")'s speech by 1) forcing a captive audience of IPs to

FREEDOM
FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
**WA** | PO Box 552, Olympia, WA 98507
**OR** | 736 Hawthorne Ave NE, Salem OR 97301

1  meet with SEIU and listen to its private, pro-union speech as part of IPs' mandatory training; 2)

2  compelling a captive audience of IPs to receive SEIU's private, pro-union speech by devoting

3  certain areas of State offices that IPs "necessarily frequent due to work-related business" to SEIU

4  bulletin boards and attached leaflets; 3) forcing a captive audience of IPs to receive SEIU's

5  private, pro-union speech by devoting certain spaces on IPs' mandatory payroll system to SEIU

6  messages.

7        2.    Plaintiff alleges that compelled receipt of SEIU speech via mandatory meetings

8  with SEIU, SEIU bulletin boards strategically placed in State offices "necessarily frequented" for

9  IP work-related business, and SEIU messages on a required State payroll system, violates his

10  rights under the First Amendment to the United States Constitution, as secured against state

11  infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, against compelled speech and

12  the right to receive speech. This case concerns whether it is constitutional for a State to compel

13  citizens to listen to and receive private, content-based and viewpoint-based speech.

14        3.    This is a civil rights case pursuant to 42 U.S.C. § 1983, seeking declaratory and

15  injunctive relief. Defendants are state actors acting under the color of state law—specifically,

16  RCW 74.39A.360, RCW 74.39A.074, RCW 79.39A.341 and the 2015-2017 Collective

17  Bargaining Agreement ("2015-2017 CBA") between the Department of Social and Health

18  Services ("DSHS") and SEIU. Defendants have been depriving and continue to deprive Plaintiff

19  and similarly situated IPs of their rights, privileges, and immunities against compelled speech and

20  the right to receive and listen to speech under the First and Fourteenth Amendments of the United

21  States Constitution.

22        4.    This case also seeks to enforce the Washington Constitution, Art. 8 § 5, which

23  prohibits the State from giving or loaning its credit to any association. The State, pursuant to the

24



Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1   2015-2017 CBA, has spent and will continue to spend thousands of dollars of public funds in

2   compelling IPs to meet with SEIU during State-funded work hours, where SEIU provides nothing

3   in exchange for such forced meetings. Thus, this case also concerns whether it violates

4   Washington constitutional law when the State gives publicly funded time and space to private

5   unions.

6        5.    This case also seeks to enforce RCW 42.52.160, which prohibits state officers and

7   employees from using any persons, money or property under the officer's official control, for the

8   benefit or gain of another beyond a de minimis use. The State, pursuant to the 2015-2017 CBA,

9   has provided and will continue to provide SEIU with free use of State's facilities, websites,

10   organizational efforts, IP information packets and payroll systems for SEIU's private gain. Thus,

11   this case also concerns whether it violates Washington statutory law when the State allows private

12   entities unfettered and ongoing access to its public resources for the private entity's gain.

13        6.    Plaintiff is an IP who receives state subsidies for the care he provides. Plaintiff

14   brings this suit to enjoin and declare unconstitutional, under the First Amendment of the United

15   States Constitution, Arts. 2.3, 2.4, 2.8 and 15.13(A) of the 2015-2017 CBA to the extent that those

16   provisions compel IPs to listen to and receive private, pro-union speech. Plaintiff also brings this

17   suit to enjoin and declare illegal Arts. 2.3-2.8 and 15.13(A) of the 2015-2017 CBA the extent that

18   those provisions require the State to expend public resources for SEIU's private gain. Finally,

19   Plaintiff brings this suit to enjoin and declare unconstitutional, under the Washington

20   Constitution, Article 15.13(A) of the 2015-2017 CBA to the extent that the State spends thousands

21   of dollars in forcing IPs to meet with SEIU and SEIU provides nothing in exchange.

22

23

24



Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

## II.    JURISDICTION AND VENUE

7.    This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it arises under the First and Fourteenth Amendments to the United States Constitution, 28 U.S.C. § 1343, because Plaintiff seeks relief under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, and because "[t]he state and federal claims…derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). Additionally, this Court should consider both the federal and state claims because doing so increases judicial economony as well as convenience and fairness to the litigants. *See Gibbs*, 383 U.S. at 726. This Court has authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief for Plaintiff, including preliminary and permanent injunctive relief, pursuant to Rule 65 of the Federal Rules of Civil Procedure.

8.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the claims arise in this judicial district and Defendants do business and operate in this judicial district. Intradistrict assignment to the Tacoma Division is proper because the claims arose in Thurston County. Local Civil Rule 3(d).

## III.    PARTIES

9.    Kenneth Alvarez has worked as an Individual Provider since March of 2015 and provides care to his fiancé.

10.    Defendant Jay Inslee is Governor of Washington and is sued in his official capacity. As Governor, Defendant Inslee is Washington's chief executive officer and IPs' employer "solely for the purposes of collective bargaining" pursuant to RCW 74.39A.270.

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

11.     Defendant Kevin Quigley is the Director of the Washington Department of Social and Health Services ("DSHS"), and is sued in his official capacity. DSHS is the state agency responsible for administering personal care services under the State's various Medicaid programs.

12.     SEIU is a labor union conducting business and operations throughout the State of Washington with its headquarters located at 1914 N 34th Street, Suite 100, Seattle, WA 98103. SEIU is the exclusive bargaining representative of Individual Providers pursuant to RCW 74.39A.270(2)(a), RCW 41.56.028, and *In re SEIU Local 775*, Decision 8241 at 2 (Oct. 9, 2003).

13.     Defendant SEIU Healthcare NW Training Partnership is a nonprofit 501(c)(3) formed by SEIU Healthcare 775 NW and participating employers, including the State of Washington, with its place of business located at 635 Andover Park W, Seattle, WA 98188.

## IV. FACTUAL ALLEGATIONS

### A. Individual Providers and the State of Washington

14.     Individual Providers ("IPs") provide "personal care or respite care services," to persons who qualify for care assistance from the Department of Social and Health Services ("DSHS"). RCW 74.39A.240(3). Clients or consumers are elderly or disabled persons who have applied or are currently receiving services from DSHS. WAC 388-106-0010. Personal care services include "physical or verbal assistance with activities of daily living and instrumental activities of daily living due to… functional limitations." *Id*.

15.     DSHS pays IPs for the services they provide to the clients.

16.     Plaintiff has worked as an IP since March of 2015 and provides care to his fiancé.

### B. The 2015-2017 CBA between SEIU and the State of Washington dictates IPs' terms and conditions of employment.

17.     IPs are public employees "solely for the purposes of collective bargaining" and have been organized into a single statewide bargaining unit. RCW 74.39A.270.


Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1      18.      SEIU is the exclusive representative of the IP bargaining unit. *See In re: Service*

2  *Employees International Union, Local 775*, Decision 8241 Case 17799-E-03-2876 (PECB,

3  2003).[1]

4      19.      As the exclusive representative of the IP bargaining unit, SEIU engages in

5  collective bargaining with the State of Washington, as represented by the governor or the

6  governor's designee. *See* RCW 41.80.005(2); 41.80.010(1).

7      20.      "'Collective bargaining' means the performance of the mutual obligation of the

8  representatives of the employer and the exclusive bargaining representative to meet at reasonable

9  times and to bargain in good faith in an effort to reach agreement with respect to the subjects of

10  bargaining specified under RCW 41.80.020." RCW 41.80.005(2); RCW 41.56.030(4). However,

11  "[t]he obligation to bargain does not compel either party to agree to a proposal or to make a

12  concession." RCW 41.80.005(2).

13  **C.  The State, through the 2015-2017 CBA, compels IPs to receive SEIU's speech by
forcing a captive audience of IPs to: 1) meet with SEIU during mandatory IP
14  contracting appointments, basic training, and continuing legal education classes; 2)
receive SEIU's speech on bulletin boards that IPs "necessarily frequent" and 3)
15  receive SEIU's speech on a State-required payroll system.**

16      21.      SEIU is a private entity.

17      22.      The 2015-2017 CBA provides SEIU with multiple instances of exclusive access to

18  IPs for the purposes of disseminating pro-union speech during portions of mandatory events that

19  Plaintiff and all other similarly situated IPs must complete as a condition of employment.

20      ***i. SEIU's Speech During Mandatory Contracting Appointments***

21

22

23

24  [1] Available at http://www.perc.wa.gov/databases/rep_uc/08241.htm (last visited on Oct. 8, 2015).

FREEDOM
FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482  |  myFreedomFoundation.com
WA  |  PO Box 552, Olympia, WA 98507
OR  |  736 Hawthorne Ave NE, Salem OR 97301

1    23.    Pursuant to Article 2.3 of the 2015-2017 CBA, SEIU—and only SEIU—receives

2    15 minutes from the State to meet with Plaintiff and other similarly situated IPs during contracting

3    appointments.[2]

4    24.    Plaintiff and other similarly situated IPs must attend contracting appointments as a

5    condition of employment.

6    25.    In the mandatory meetings with SEIU during contracting appointments, Plaintiff

7    must listen to and receive SEIU's private speech, which is unrelated to client-care training.

8    ***ii. SEIU's Speech During Mandatory Basic Training***

9    26.    Pursuant to Article 15.13(A) of the 2015-2017 CBA, SEIU—and only SEIU—

10    receives 30 minutes from the State to meet with Plaintiff and other similarly situated IPs during

11    basic training "for a presentation on Union issues."[3]

12    27.    Plaintiff and other similarly situated IPs must attend basic training, provided by

13    SEIU Healthcare NW Training Partnership, as a condition of employment.[4]

14

15    [2] Article 2.3 of the 2015-2017 CBA: "Access to Contracting Appointments and Safety and Orientation Trainings. The employer and its agents will take steps to consolidate contracting appointments into one (1) or two (2)

16    designated days of the week, and will inform the Union of the designated days for each office.  However, the parties acknowledge that in some cases due to emergent or unanticipated matters, individual providers may complete the tasks ordinarily covered in the contracting appointments outside of the designated day(s) for that particular office. In

17    these exceptional circumstances the State will, on at least a weekly basis, provide a list to the Union of employees that did not attend contracting appointments on designated days. *The State will also provide fifteen (15) minutes for*

18    *a Union representative to meet with the individual provider(s) participating in the contracting appointments.* If the state office has regularly scheduled recurring times for individual providers to view the initial safety and orientation training, the State will make the Union aware of these reoccurring meetings on an annual basis. The State will also

19    provide fifteen (15) minutes for a Union representative to meet with the individual provider(s)." (emphasis added).
   [3] Article 15.13(A) of the 2015-2017 CBA: "Access to Training. (A) Union Presentation Compensation. The parties

20    agree that the Training Partnership shall provide the Union with reasonable access to its training classes, including providing the Union with technical support for online learning, in order for the Union to make presentation on Union

21    issues. The Employer agrees to compensate up to thirty (30) minutes of time for a presentation on Union issues to all individual providers receiving the Union portion of required basic training. The Employer agrees to compensate up to fifteen (15) minutes of time annually for a presentation on Union issues to all individual providers receiving the

22    Union portion of required continuing education. Any additional time for a presentation on Union issues agreed upon between the Union and the Partnership shall not be paid by the Employer."

23    [4] *See* RCW 74.39A.074 ("all persons hired as long-term care workers *must meet the minimum training requirements in this section*…Before a long-term care worker is eligible to provide care, he or she must complete…Seventy hours

24    of long-term care basic training") (emphasis added); *Individual Providers, Signing Up for Long-Term Care Worker Training*, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES (last accessed Feb. 7, 2016),

FREEDOM
FOUNDATION

Legal@myFreedomFoundation.com

360.956.3482  |  myFreedomFoundation.com
WA  |  PO Box 552, Olympia, WA 98507
OR  |  736 Hawthorne Ave NE, Salem OR 97301

1    28.    The State pays Plaintiff and similarly situated IPs to attend mandatory meetings

2  with SEIU.[5]

3    29.    In the mandatory meetings with SEIU during basic training, Plaintiff must listen to

4  and receive SEIU's private speech, which is unrelated to client-care training.

5    **iii. *SEIU's Speech During Mandatory Continuing Education Classes***

6    30.    Pursuant to Article 15.13(A) of the 2015-2017 CBA, SEIU—and only SEIU—

7  receives 15 minutes from the State to meet with Plaintiff and other similarly situated IPs during

8  continuing education classes "for a presentation on Union issues."[6]

9    31.    Plaintiff and other similarly situated IPs must attend continuing education classes

10  as a condition of employment.[7]

11    32.    In the mandatory meetings with SEIU during continuing education classes, Plaintiff

12  must listen to and receive SEIU's private speech.

13    **iv. *SEIU's Speech During Mandatory Bulleting Boards "Necessarily Frequented"***

14

15

16

17

*available at* https://www.dshs.wa.gov/altsa/home-and-community-services/individual-providers; *Checklist to become a Individual Provider Home Care Aide Certified* (last accessed Feb. 7, 2016) *available at* https://www.dshs.wa.gov/sites/default/files/ALTSA/training/HCA%20Checklist%20for%20IP.pdf; *What Training Do I Need*, MYSEIUBENEFITS.ORG (last accessed Feb. 7, 2016), *available at* http://www.myseiubenefits.org/training/what-training-do-i-need/.
[5] *See supra* note 3.
[6] *Id.*
[7] *See* RCW 74.39A.341 ("All long-term care workers shall complete twelve hours of continuing education training in advanced training topics each year…Completion of continuing education as required in this section is a prerequisite to maintaining home care aide certification"); *Individual Providers, Signing Up for Long-Term Care Worker Training*, WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES (last accessed Feb. 7, 2016), *available at* https://www.dshs.wa.gov/altsa/home-and-community-services/individual-providers; *Checklist to become a Individual Provider Home Care Aide Certified* (last accessed Feb. 7, 2016) *available at* https://www.dshs.wa.gov/sites/default/files/ALTSA/training/HCA%20Checklist%20for%20IP.pdf; *What Training Do I Need*, MYSEIUBENEFITS.ORG (last accessed Feb. 7, 2016), *available at* http://www.myseiubenefits.org/training/what-training-do-i-need/.

COMPLAINT
No. 3:16-cv-5111                                   8

**FREEDOM** FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

33.     Pursuant to Article 2.4 of the 2015-2015 CBA, SEIU—and only SEIU—receives "bulletin board space in the offices of the Employer, its agencies, contractors, or subcontractors" from the State.[8]

34.     The bulletin boards are placed in locations that Plaintiff and other similarly situated IPs must "necessarily frequent due to work-related business."[9]

**v. *SEIU's Speech On A Mandatory Payroll System***

35.     Pursuant to Article 2.8 of the 2015-207 CBA, SEIU—and only SEIU—receives space on the State-mandated online payroll system to place a link to SEIU's website and display SEIU notification messages when IPs login.[10]

36.     Plaintiff and other similarly situated IPs must soon use the State-sponsored online payroll system to receive payment when it is set up in the coming weeks.

***vi. State's content-based and viewpoint based regulations allowing SEIU's speech at mandatory meetings, on state bulletin boards, and on a payroll system***

37.     During the State-mandated contracting appointments, basic training, and continuing education classes, SEIU promotes its organization, solicits funding, solicits

---

[8] 2015-2017 CBA Art. 2.4: "Union Bulletin Boards. The Union shall have a right to bulletin board space in the offices of the Employer, its agencies, contractors, or subcontractors that individual providers necessarily frequent due to work-related business. The Union shall be solely responsible for the costs and maintenance of all bulletin boards. The Union will provide bulletin boards (no larger than two feet by three feet [2'x3']). The bulletin boards will be clearly marked as Union bulletin boards and will be maintained by Union worker representatives and/or Union staff. Union communications may not be posted in any other location or agency."
[9] *Id.*
[10] Article 2.8 of the 2015-2017 CBA: "Union Communication through Payroll Website. (A) Link to Employer Website. The Employer shall display a link to the Union website on the opening webpage of the online payroll website. The landing page for the Union website link supplied on the payroll website must be in compliance with Chapter RCW 45.52. (B) Notification of Message from Union. When a home care worker logs into the payroll website, the initial screen will include a notification of new message(s) from the Union. The notification box on the initial page shall be sufficient to provide detail of sender and subject of the message. The subject matter and content of the notification message shall be in conformance with Chapter RCW 42.52. The Union shall provide materials to be included in the notification message no later than twenty-one (21) days prior to the day the notification will be sent."

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com

360.956.3482  |  myFreedomFoundation.com
WA  |  PO Box 552, Olympia, WA 98507
OR  |  736 Hawthorne Ave NE, Salem OR 97301

1    membership, solicits donations to political committees, and extols its positions on matters of

2    public concern.

3           38.    SEIU's speech on bulletin boards promotes its organization and extols its positions

4    on matters of public concern.

5           39.    SEIU's speech on the online payroll system promotes its organization and extols

6    its positions on matters of public concern.

7           40.    Arts. 2.3, 15.13(A), 2.4, and 2.8 of the 2015-2017 CBA *only* permit SEIU speakers

8    who disseminate SEIU's speech on union-related issues. No other speaker is required or allowed

9    under the 2015-2017 CBA.[11]

10          41.    Neither union membership nor the payment of any dues or fees to SEIU is a

11    condition for Plaintiff, or any IP, to receive reimbursements/pay.

12          42.    Plaintiff cannot avoid listening to or receiving SEIU's speech during contracting

13    appointments, basic training, and continuing education classes nor on bulletin boards when

14    visiting State offices or using the online payroll system.

15          43.    Plaintiff objects to being compelled to listen to and receive SEIU's speech every

16    time he and other similarly situated IPs undergo contracting appointments, basic training,

17    continuing education classes, visit State offices for work-related business, or use the online

18    payroll system.

19          44.    Freedom Foundation requested the State for the same speaking privileges and

20    access to IPs as the State gave SEIU pursuant to the 2015-2017 CBA on January 20, 2015.

21    _____

22    [11] *See Rosenberger v. Rector and Visitors of VA*, 515 U.S. 819, 828 (1995) ("In the realm of private speech or
      expression, government regulation may not favor one speaker over another."); *Bible Believers v. Wayne County,
      Mich.*, 805 F.3d 228 (2015) ("It is a fundamental precept of the First Amendment that the government cannot favor
      the rights of one speaker over those of another."); *American Freedom Defense Initiative v. Southeastern

23    Pennsylvania Transp. Authority*, 92 F. Supp. 314, 324 (E.D. Pen. 2015) ("if the government allows speech on a
      certain subject in any forum, it must accept all viewpoints on the subject, even those that it disfavors or finds

24    unpopular.")



COMPLAINT
NO. 3:16-cv-5111                                  10

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1    Although the Foundation holds a different viewpoint than SEIU, it requested the opportunity to

2    speak on the same content on which SEIU spoke—i.e., union related issues. The Foundation

3    requested a response by February 1, 2015, and stated that a lack of a response would be construed

4    as a denial. The State failed to respond by February 1, 2015, or at all, and thus has denied the

5    Foundation's request to speak on the same content but with a different viewpoint.

6    **D.  The State, through the 2015-2017 CBA, gives its money in the aid of SEIU.**

7    45.    Pursuant to Article 15.13 of the 2015-2017 CBA, the State pays IPs to attend 15-

8    and 30-minute mandatory meetings with SEIU during basic training and continuing education

9    classes.[12]

10   46.    IPs' wages range from $11.31 to $15.53 dollars per hour.[13]

11   47.    Thousands of IPs undergo basic training and continuing education classes each

12   year.

13   48.    The State spends thousands of dollars of public funds in forcing IPs to attend

14   meetings with SEIU in 15- and 30-minute appointments during basic training and continuing

15   classes.

16   49.    Forcing IPs to meet with and receive SEIU's speech during basic training and

17   continuing education classes does not further any fundamental government purpose.

18   50.    SEIU does not provide any consideration for IPs' paid time it receives from the

19   State.

20   **E.  The State, through the 2015-2017 CBA, uses its employees, money and property for the private benefit of SEIU.**

21

22

23   ---

[12] *See supra* note 3.

24   [13] 2015-2017 CBA, Appendix A, Available at http://www.ofm.wa.gov/labor/agreements/15-17/nse_homecare.pdf (last visited Nov. 23, 2015).

COMPLAINT
No. 3:16-cv-5111                                    11

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

51.     The State is the employer of IPs solely for the purposes of collective bargaining.[14]

52.     The 2015-2017 CBA establishes agency-wide rules for DSHS. Thus, DSHS employees' use of public resources for the benefit of SEIU is not limited to any particular DSHS employee, but rather indicative of agency pattern and practice.

### i. State's use of State employee time for the aid of SEIU

53.     Pursuant to **Article 2.3** of the 2015-2017 CBA, the State gives SEIU 15 minutes of IPs' time during contracting appointments.

54.     Pursuant to **Article 15.13(A)** of the 2015-2017 CBA, the State gives SEIU 30 minutes of publicly funded time to meet with IPs during basic training.

55.     Pursuant to **Article 15.13(A)** of the 2015-2017 CBA, the State gives SEIU 15 minutes of publicly funded time to meet with IPs during continuing education classes.

56.     The State organizes and hosts required contracting appointments several times throughout the year.

57.     State-required basic training and continuing education classes occur several times throughout the year.

58.     It does not fall within the State's official duties to force IPs to listen to pro-union speech for 15 minutes at every contracting appointment, 30 minutes during basic training, and 15 minutes for every continuing education session—speech which promotes SEIU's organization, solicits funding, solicits membership, solicits donations to political committees, and extols SEIU's positions on matters of public concern.

---

[14] RCW 74.39A.270.

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

59.     SEIU's privilege to meet with IPs during contracting appointments, basic training, and continuing education classes is ongoing throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

### ii. State's use of State property for the aid of SEIU

60.     Pursuant to **Article 2.4** of the 2015-2017 CBA, the State allows SEIU bulletin boards filled with SEIU materials in State offices that IPs "necessarily frequent" for work related matters.[15]

61.     It does not fall within the State's official duties to subject IPs to SEIU's pro-union speech when visiting the "necessarily frequented" State offices—speech which promotes SEIU's organization and extols its positions on matters of public concern.

62.     SEIU's privilege to hang bulletin boards on State property is ongoing throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

63.     Pursuant to **Article 2.5** of the 2015-2017 CBA, the State allows SEIU to post links on State websites to SEIU's website.[16]

64.     It does not fall within the State's official duties to allow, on State websites, links to SEIU's website which promotes SEIU's organization, solicits funding, solicits membership, solicits donations to political committees, and extol SEIU's positions on matters of public concern.

65.     SEIU's privilege to post links on State websites to SEIU's own websites is ongoing throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

---

[15] *See supra* note 8.
[16] Article 2.5 of the 2015-2017 CBA: "Websites. Websites maintained by the Department of Social and Health Services (DSHS), Aging and Long-Term Support Administration (ALTSA) and Developmental Disabilities Administration (DDA) that individual providers might reasonably access to seek employment-related information shall contain a link to the Union's website, provided that the link is in compliance with Chapter RCW 42.52."

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com

360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

66.     Pursuant to **Article 2.8(A)** of the 2015-2017 CBA, the State must display a link to SEIU's website in the opening webpage of the online payroll website.[17]

67.     Pursuant to **Article 2.8(B)** of the 2015-2017 CBA, the State-mandated online payroll system requires that the initial screen will include a notification of new messages from SEIU.

68.     It does not fall within the State's official duties to allow, on State-mandated online payroll system, links to SEIU's website and SEIU messages which promotes SEIU's organization, solicits funding, solicits membership, solicits donations to political committees, and extol SEIU's positions on matters of public concern.

69.     SEIU's privilege to post links on State-mandated online payroll systems and provide notification messages to all IPs logging on to the online payroll system is ongoing throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

### *iii. State's use of State money in the aid of SEIU*

70.     Pursuant the **Article 2.7** of the 2015-2017 CBA, the State must include SEIU materials in State-paid paid envelopes mailed to out IPs.[18]

---

[17] *See supra* note 10.

[18] Article 2.7 of the 2015-2017 CBA: "Access to Pay Envelopes. The Employer agrees to include information provided by the Union in pay envelopes sent to individual providers, subject to the following conditions: A. The Union shall provide such materials to the Department no later than thirty (30) calendar days prior to the first day upon which the Union requests that the materials be included in pay envelopes mailed to individual providers. B. Except by consent of the Employer, the size and weight of such materials to be included in the pay envelopes for any pay period shall not exceed two (2) pieces of printed materials, one (1) of which may be no larger than eight and one-half inches by eleven inches (8.5"x11") and no heavier than twenty pound (20lb.) weight, and the other of which may be a pre-printed number ten (#10) or smaller return envelope of standard weight. C. The subject matters and contents of any materials provided shall be in conformance with Chapter RCW 42.52. D. The Union agrees to reimburse the Department *for any increase* in postage costs arising from the inclusion of the Union materials. E. When feasible, the Employer shall provide the Union at least fourteen (14) days advance notice prior to sending a mail communication to the entire individual provider group. In the event fourteen (14) days advance notice is not feasible, the Employer will send the notice to the Union as soon as possible, but at a minimum, at the same time the notice is sent to the entire individual provider group." (emphasis added).

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

71.      It does not fall within the State's official duties to include private, pro-union speech in State-funded mailed packages at no cost to SEIU.

72.      SEIU's privilege to mail its materials paid for by the State is ongoing and throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

## IV.    CLAIMS FOR RELIEF

### COUNT I

***The State violates Plaintiff's and similarly situated IPs' First Amendment rights by compelling a captive audience of IPs to receive SEIU's pro-union speech in three ways: i) by mandating meetings with SEIU in contracting appointments, basic training, and continuing education classes, ii) by SEIU bulletin boards in State offices "necessarily frequented" by IPs for work-related matters; and iii) by SEIU links and notification messages on mandatory payroll systems.***

73.      Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

74.      The First Amendment to the United States Constitution, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, guarantees each individual a right to choose whether, how, and with whom she or he engages in speech. One of the paramount concerns undergirding the First Amendment is the freedom of thought. To preserve freedom of thought, the First Amendment protects the right to speak, the right to receive speech, and the right against compelled speech.

75.      The State infringes on these First Amendment rights, and IPs' freedom of thought, when it implements content or viewpoint based policies that compel a captive audience of IPs to receive private, pro-union speech. Captive audiences are audiences that 1) cannot readily avoid speech, and 2) should not have to avoid that speech (i.e. have a certain need or right to be present in the space where the speech is delivered). If compelled speech is content based, it must withstand strict scrutiny to be constitutional under the First Amendment. Regulations concerning speech can only withstand strict scrutiny if it is 1) narrowly tailored 2) to serve a compelling

FREEDOM
FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

government interest. Finally, speech is not "government speech" when it concerns a private

message not controlled by the government.

76.     SEIU is a private entity that speaks on its own, private behalf and not on behalf of

the government.

### i. *Mandatory Meetings*

77.     Pursuant to **Article 2.3** of the 2015-2017 CBA, SEIU—and only SEIU—receives

15 minutes from the State to meet with Plaintiff and other similarly situated IPs during contracting

appointments.

78.     Pursuant to **Article 15.13(A)** of the 2015-2017 CBA, SEIU—and only SEIU—

receives 30 minutes from the State to meet with Plaintiff and other similarly situated IPs during

basic training "for a presentation on Union issues."

79.     Pursuant to **Article 15.13(A)** of the 2015-2017 CBA, SEIU—and only SEIU—

receives 15 minutes from the State to meet with Plaintiff and other similarly situated IPs during

continuing education classes "for a presentation on Union issues."

80.     During the contracting appointments, basic training, and continuing education

classes, Plaintiff and similarly situated IPs cannot readily avoid SEIU's speech.

81.     Plaintiff must attend the contracting appointments, basic training, and continuing

education classes and listen to and receive SEIU's speech during the contracting appointments,

basic training, and continuing education classes as a condition of employment.

82.     During the State-mandated contracting appointments, basic training, and

continuing education requirements, SEIU promotes its organization, solicits funding, solicits

membership, solicits donations to political committees, and extols its positions on matters of

public concern.

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
**WA** | PO Box 552, Olympia, WA 98507
**OR** | 736 Hawthorne Ave NE, Salem OR 97301

83.     The State denied the Freedom Foundation, a Washington nonprofit organization, the same speaking privileges it gives to SEIU during contracting appointments, basic training, and continuing education classes where the Foundation requested to speak on the same content regarding similar union-related issues. SEIU's presentations are content based and viewpoint based in favor of a pro-union viewpoint.

84.     No compelling state interest justifies compelling IPs to meet with SEIU—and only SEIU—to receive and listen to pro-union speech during contracting appointments, basic training, and continuing education classes.

85.     Forcing IPs to meet with SEIU is not narrowly tailored to any State interest.

86.     The State does not control the message SEIU gives to IPs during its presentations at contracting appointments, basic training, and continuing education classes.

### iv. *SEIU Bulletin Boards*

87.     Pursuant to **Article 2.4** of the 2015-2015 CBA, SEIU—and only SEIU—receives "bulletin board space in the offices of the Employer, its agencies, contractors, or subcontractors" from the State.

88.     When visiting the offices of the Employer, its agencies, contractors or subcontractors, IPs cannot readily avoid SEIU's speech displayed on the bulletin boards.

89.     SEIU places its bulletin boards in State offices that IPs "necessarily frequent" for work-related business.

90.     On SEIU's bulletin boards, SEIU promotes its organization and extols its positions on matters of public concern. The State denied the Foundation the same speaking privileges it gives to SEIU on bulletin boards, where the Foundation requested to speak on the same content

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1    regarding similar union-related issues. Thus, SEIU's presentations are content based and

2    viewpoint based in favor of a pro-union viewpoint.

3        91.    No compelling state interest justifies the State in forcing a captive audience of IPs

4    to receive SEIU speech on bulletin boards when visiting State office for employment related

5    matters.

6        92.    Forcing a captive audience of IPs receive SEIU's speech on bulletin boards in State

7    offices is not narrowly tailored to any State interest.

8        93.    The State does not control the message SEIU gives to IPs on its bulletin boards.

9                    **v. *SEIU Web Links and Notifications on the Online Payroll System***

10       94.    Pursuant to Article 2.8 of the 2015-2017 CBA, SEIU—and only SEIU—receives

11   space on the State-mandated online payroll system to place a link to SEIU's website and display

12   SEIU notification messages when IPs login.

13       95.    When using the online payroll system, Plaintiff and similarly situated IPs will not

14   be able to readily avoid SEIU's speech.

15       96.    Plaintiff and similarly situated IPs must use the online payroll system in order to

16   get paid.

17       97.    SEIU's website connected by the link on the online payroll system, and the

18   notifications on the online payroll system, promote its organization, solicit funding, solicit

19   membership, solicit donations to political committees, and extol its positions on matters of public

20   concern.  The State denied the Foundation the same speaking privileges it gives to SEIU on the

21   online payroll system, where the Foundation requested to speak on the same content regarding

22   similar union-related issues but with a different viewpoint. Thus, SEIU's presentations are content

23   based and viewpoint based in favor of a pro-union viewpoint.

24

FREEDOM
FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482  |  myFreedomFoundation.com
**WA**  |  PO Box 552, Olympia, WA 98507
**OR**  |  736 Hawthorne Ave NE, Salem OR 97301

98.     No compelling state interest justifies the State in forcing IPs to receive SEIU speech on the State-required payroll system.

99.     Forcing IPs to receive SEIU speech on the State-required payroll system is not narrowly tailored to any State interest.

100.     The State does not control the message SEIU gives to IPs on the State-required online payroll system.

101.     By and through **Articles 2.3, 15.13(A), 2.4, and 2.8** of the 2015-2017 CBA, the State has deprived, and will continue to deprive, Plaintiff of his constitutional right against compelled speech and the right to receive speech by compelling listening to content-based and viewpoint based speech, in violation of the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983. By giving SEIU time and space to promote its organization and views, the State forces a captive audience of Plaintiff and thousands of other similarly situated IPs to listen to and receive SEIU's private, content and viewpoint-based speech. **Articles 2.3, 15.13(A), 2.4, and 2.8** of the 2015-2017 CBA are unconstitutional facially and as applied to Plaintiff and other similarly situated IPs.

### COUNT II

***The State's expenditures in forcing IPs to meet with SEIU, when SEIU provides nothing in exchange, violates WA CONST. ART. 8, §5.***

102.     Plaintiff re-alleges and incorporate by reference the paragraphs set forth above.

103.     Article 8, § 5 of the Washington Constitution prohibits **1)** the credit of the state, in any manner, **2)** being given or loaned to, or in the aid of, **3)** any individual, association, company or corporation.

104.     Unconstitutional gifts are those **i)** not expended to carry out a fundamental governmental purpose; and **ii)** given with donative intent *or* for a grossly inadequate return.

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
**WA** | PO Box 552, Olympia, WA 98507
**OR** | 736 Hawthorne Ave NE, Salem OR 97301

105.     The purpose of Washington's constitutional prohibition against gifts or loans of the state's credit to assist private business is to prevent state funds from being used to benefit private interests where the public interest is not primarily being served.

106.     IPs are public employees solely for the purpose of collective bargaining.

107.     Pursuant to Article 15.13 of the 2015-2017 CBA, the State pays IPs to attend 15- and 30-minute mandatory meetings with SEIU during basic training and continuing education classes.

108.     The State spends thousands of dollars of public funds in forcing IPs to attend meetings with SEIU in 15- and 30-minute appointments during basic training and continuing classes.

109.     Forcing IPs to meet with and receive SEIU's speech during basic training and continuing education classes does not further any fundamental government purpose.

110.     SEIU does not provide any consideration for IPs' paid time it receives from the State. Lack of consideration is grossly inadequate consideration.

111.     By and through Article 15.13(A) the 2015-2017 CBA, the State has illegally gifted, and will continue to illegally gift, thousands of dollars to SEIU without SEIU providing anything in exchange, in violation of WA. CONST. ART. 8, § 5.

112.     Article 15.13(A) of the 2015-2017 CBA is unconstitutional under of WA. CONST. ART. 8, § 5, both facially and as applied to Plaintiff.

**COUNT III**

***The State's use of its employees, money and property for the private benefit of SEIU violates RCW 42.52.160.***

113.     Plaintiff re-alleges and incorporates by reference the paragraphs set forth above.

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

114.    RCW 42.52.160 prohibits 1) state officers or employees 2) from using any person, money or property under the officer or employee's official control or direction 3) for the private benefit or gain of another, 4) *other than* a) uses which fall under the state officer's or state employee's official duties or b) qualify as "de minimis" use for specified purposes or enumerated exceptions.

115.    SEIU is a private entity that speaks on its own, private behalf and not on behalf of the government.

116.    The 2015-2017 CBA establishes agency-wide rules for DSHS, and DSHS employees' use of public resources for the benefit of SEIU is not limited to any particular DSHS employee, but rather indicative of agency pattern and practice.

117.    The scope of collective bargaining is limited to "wages, hours, and other terms and conditions of employment, and the negotiation of any question arising under a collective bargaining agreement." RCW 41.80.020(1). Thus, public resources spent in the aid of SEIU lie beyond the scope of collective bargaining and the State's official duties.

### i. *State's use of State employee time for the aid of SEIU*

118.    Pursuant to Article 2.3 and 15.13(A) of the 2015-2017 CBA, the State gives 15-minutes and 30-minutes of IPs' time during contracting appointments, basic training, and continuing education classes.

119.    SEIU's compelled meetings with IPs benefits SEIU by forcing IPs to listen to and receive pro-union speech.

120.    It does not fall within the State's official duties to force IPs to listen to pro-union speech for 15- and 30 minutes at every contracting appointment, basic training, and continuing education session—speech which promotes SEIU's organization, solicits funding, solicits

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1    membership, solicits donations to political committees, and extols SEIU's positions on matters of

2    public concern.

3         121.   The contracting appointments, basic training, and continuing education classes

4    where the State gives SEIU 15- and 30-minute blocks of time occur several times throughout the

5    year, above and beyond de minimis use.

6                    **ii. *State's use of State property for the aid of SEIU***

7         122.   Pursuant to **Article 2.4** of the 2015-2017 CBA, the State allows SEIU bulletin

8    boards filled with SEIU materials in State offices that IPs "necessarily frequent" for work related

9    matters.

10        123.   SEIU's bulletin board spaces benefits SEIU by forcing a captive audience to receive

11   SEIU speech on its bulletin boards.

12        124.   It does not fall within the State's official duties to subject IPs to SEIU's pro-union

13   speech when visiting the "necessarily frequented" State offices—speech which promotes SEIU's

14   organization and extols its positions on matters of public concern.

15        125.   SEIU's privilege to hang bulletin boards on State property is ongoing throughout

16   the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

17        126.   Pursuant to **Article 2.5** of the 2015-2017 CBA, the State allows SEIU to post links

18   on State websites to SEIU's website.

19        127.   SEIU's links on the State's websites benefits SEIU by 1) providing SEIU with

20   immediate and automatic access to all IPs at little or no cost to SEIU; 2) adding an illusion of

21   imprimatur of the State to the SEIU website at little or no cost to SEIU; 3) driving internet traffic

22   to SEIU's website, which increases exposure to SEIU's promotional materials and advertising

23

24

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482  |  myFreedomFoundation.com
**WA**  |  PO Box 552, Olympia, WA 98507
**OR**  |  736 Hawthorne Ave NE, Salem OR 97301

1   schemes geared to increase union membership, solicit donations to political committees, and extol

2   SEIU's positions on matters of public concern.

3        128.    It is not within the State's official duties to provide free web space on highly

4   prominent, frequently visited and publicly funded websites, or promote union membership,

5   donations to political committees, or SEIU's positions on matters of public concern.

6        129.    SEIU's privilege to post links on State websites to SEIU's own websites is ongoing

7   throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

8        130.    Pursuant to **Article 2.8(A)** of the 2015-2017 CBA, the State must display a link to

9   SEIU's website in the opening webpage of the online payroll website.

10       131.    Pursuant to **Article 2.8(B)** of the 2015-2017 CBA, the State-mandated online

11   payroll system requires that the initial screen will include a notification of new messages from

12   SEIU.

13       132.    It does not fall within the State's official duties to allow, on State-mandated online

14   payroll system, links to SEIU's website and SEIU messages which promotes SEIU's

15   organization, solicits funding, solicits membership, solicits donations to political committees, and

16   extol SEIU's positions on matters of public concern.

17       133.    SEIU's privilege to post links on State-mandated online payroll systems and

18   provide notification messages to all IPs logging on to the online payroll system is ongoing

19   throughout the term of the 2015-2017 CBA, over and beyond de minimis cost and value.

20                        **iii. *State's use of State money in the aid of SEIU***

21       134.    **Art. 2.7** of the 2015-2017 CBA requires State pay envelops, sent to IPs, to include

22   SEIU materials containing SEIU's speech and consisting of an 8.5 x 11' sheet and pre-printed

23   number 10 return envelope.

24

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

135.    Requiring publicly-funded mailings to include SEIU materials benefits SEIU by 1) allowing SEIU to send its materials to IPs for free absent an increase in postage costs; 2) adding an illusion of imprimatur of the State to SEIU's materials; 3) increasing IPs' exposure to union materials at little or no cost to SEIU.

136.    It is not within the State's official duties to provide union materials to IPs in State mailings, or promote union membership, donations to political committees, or SEIU's positions on matters of public concern.

137.    SEIU's materials in State pay envelopes extend beyond de minimis use.

138.    By and through the 2015-2017 CBA **Arts. 2.3, 2.4, 2.5, 2.7, 2.8 and 15.13(A)**, the State has illegally utilized, and will continue to utilize, public resources for SEIU's private gain, in violation of RCW 42.52.160.

139.    Accordingly, by and through 2015-2017 CBA **Arts. 2.3, 2.4, 2.5, 2.7, 2.8 and 15.13(A),** the State, through agency-wide pattern, practice, and policy, violates RCW 42.52.160.

### VII. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that this Court:

140.    **Declaratory Judgment**: Enter a declaratory judgment that **Arts. 2.3, 2.4, 2.8 and 15.13(A)** of the 2015-2017 CBA are unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and are null and void;

141.    **Declaratory Judgment**: Enter a declaratory judgment that **Articles 2.3, 2.4, 2.5, 2.7, 2.8** and **15.13(A)** of the 2015-2017 CBA violate RCW 42.52.160 by requiring the State to use public resources for SEIU's private gain, and that **Articles 2.3, 2.4, 2.5, 2.7, 2.8** and **15.13(A)** are null and void;

COMPLAINT
No. 3:16-cv-5111

24

FREEDOM FOUNDATION

Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1    142.    **Declaratory Judgment**: Enter a declaratory judgment that **Article 15.13(A)** of the

2    2015-2017 CBA is unconstitutional under the Wa. Const. Art. 8, § 5, and that **Article 15.13(A)**

3    is null and void;

4    143.    **Permanent Injunction**: Issue preliminary and permanent injunction prohibiting

5    Defendants from enforcing **Arts. 2.3, 2.4, 2.5, 2.7, 2.8, and 15.13(A)** of the 2015-2017 CBA; and

6    any other activity that this Court declares illegal.

7    144.    **Permanent Injunction**: Issue preliminary and permanent injunctive relief

8    prohibiting the State from compensating IPs for their time during mandated meetings with SEIU

9    representatives;

10   145.    **Costs and attorneys' fees**: Award Plaintiff costs and reasonable attorneys' fees

11   pursuant to the Civil Rights Attorneys' Fee Award Act of 1976, 42 U.S.C. § 1988; and

12   146.    **Other relief**: Grant Plaintiff such other and additional relief as the Court may deem

13   just and proper.

14

15   Dated: February 11, 2016

16

By: s/Stephanie Olson
17    Stephanie Olson, WSBA #50100
     James G. Abernathy, WSBA #48801
18    David M.S. Dewhirst, WSBA # 48229
     c/o Freedom Foundation
19   P.O. Box 552
     Olympia, WA 98507
20   p. 360.956.3482
     f. 360.352.1874
21   solson@myfreedomfoundation.com
     JAbernathy@myfreedomfoundation.com
22   DDewhirst@myfreedomfoundation.com

23

24

FREEDOM
FOUNDATION

Legal@myFreedomFoundation.com

360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT
No. 3:16-cv-5111



Legal@myFreedomFoundation.com
360.956.3482  |  myFreedomFoundation.com
WA  |  PO Box 552, Olympia, WA 98507
OR  |  736 Hawthorne Ave NE, Salem OR 97301