1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11 | KENNETH ALVAREZ,

CASE NO. 16-5111 RJB

Plaintiff,

12

ORDER ON SEIU HEALTHCARE
NW TRAINING PARTNERSHIP'S
MOTION TO DISMISS PURSUANT
TO FED. R. CIV. P. 12(B)(6)

v.

13

14 | GOVERNOR JAY INSLEE, in his
official capacity as Governor of the State
of Washington; KEVIN W. QUIGLEY, in
his official capacity as Director of the
Washington Department of Social and
Health Services, SERVICE EMPLOYEES
INTERNATIONAL UNION
HEALTHCARE 775NW, a labor
organization; and SEIU HEALTHCARE
NW TRAINING PARTNERSHIP

15

16

17

18

19

Defendants.

20

This matter comes before the Court on SEIU Healthcare NW Training Partnership's

21

("NW Training Partnership") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 16)

22

and Plaintiff's Motion to Strike (Dkt. 25).  The Court has considered the pleadings filed in

23

support of and in opposition to the motions and the file herein.

24

1    Plaintiff filed this case asserting that his First Amendment rights against compelled

2    speech are being violated when the State of Washington requires him, as an "individual provider

3    . . . of personal or respite care services" ("IP") to: (1) meet with Defendant Service Employees

4    International Healthcare 775NW ("SEIU") and listen to "its private, pro union speech as part of

5    IP's mandatory training," (2) receive SEIU's "private pro-union speech" by devoting certain

6    bulletin boards to SEIU's leaflets, and (3) receive SEIU's "private pro-union speech" by

7    devoting certain spaces on IP's mandatory payroll system to SEIU's messages.  Dkt. 1.  Plaintiff

8    also makes claims under the Washington State Constitution Art. 8 § 5, which Plaintiff contends

9    "prohibits the state from giving or loaning its credit to any association," and RCW 42.52.160,

10   which Plaintiff maintains "prohibits state officers and employees from using any persons, money

11   or property under the officers' official control, for the benefit or gain of another beyond a de

12   minimis use."  *Id*.  Plaintiff seeks declaratory and injunctive relief as well as attorneys' fees and

13   costs.  *Id.*

14       Defendant NW Training Partnership now moves for dismissal of the claims against it

15   pursuant to Fed. R. Civ. P. 12 (b)(6).  Dkt. 16.  For the reasons stated below, the motion should

16   be granted, and Plaintiff should be given leave to amend his complaint, if he wishes.

17                           **I.    <u>FACTS</u>**

18       According to the Complaint, Plaintiff is an IP who is paid by Washington's Department of

19   Social and Health Services ("DSHS") to provide care for his disabled fiancé.  Dkt. 1, at 5.  He

20   asserts that "IPs are public employees 'solely for the purposes of collective bargaining' and have

21   been organized into a single statewide bargaining unit."  *Id.* (*citing* RCW 74.39A.270).  SEIU is

22   the "exclusive representative of the IP bargaining unit," and so engages in collective bargaining

23   with the state (as represented by the governor or governor's designee).  *Id.,* at 6.  The state and

24

ORDER ON SEIU HEALTHCARE NW TRAINING
PARTNERSHIP'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)- 2

1  SEIU are obligated to bargain in good faith.  *Id.*  As is relevant to this motion, NW Training

2  Partnership is asserted to be a nonprofit 501(c)(3) formed by SEIU "and participating employers,

3  including the State of Washington, with its place of business located at 635 Andover Park W,

4  Seattle, WA 98188." *Id.*, at 6.  The Complaint asserts that NW Training Partnership provides all

5  IP training, which is a condition of the IP's employment. *Id.* at 7.

6      According to the Complaint, the 2015-2017 Collective Bargaining Agreement ("CBA")

7  between the state and SEIU obligates the state to require that IPs receive SEIU's "pro-union"

8  speech during portions of mandatory events that Plaintiff and all other similarly situated IPs must

9  complete as a condition of employment." *Id.* at 6.  As instances where the state has compelled

10  him to receive SEIU's "pro-union" speech (which he maintains is unrelated to client-care

11  training) through the CBA, Plaintiff points to forced meetings with SEIU during paid mandatory

12  basic training, contracting appointments, and continuing education classes. *Id.*, at 7-8.  He also

13  points to required exposure to SEIU's speech on bulletin boards which IPs must "necessarily

14  frequent due to work-related business" and on the state mandated online payroll system where

15  SEIU receives space for displaying messages. *Id.* at 8-9.  The Complaint asserts that during all

16  these contacts, SEIU "promotes its organization, solicits funding, solicits membership, solicits

17  donations to political committees, and extols its positions on matters of public concern." *Id.* at 9-

18  10.  It maintains that Plaintiff "objects to being compelled to listen to and receive SEIU's

19  speech" and that he cannot avoid it when visiting state offices or using the online system. *Id.*, at

20  10.  According to the Complaint, "neither union membership nor the payment of any dues or fees

21  to SEIU is a condition for Plaintiff, or any IP, to receive reimbursements/pay." *Id.*, at 10.  The

22  Complaint alleges that by paying the IPs to attend the required events where SEIU is speaking,

23  the state is giving its money, property and employees in the aid of SEIU. *Id.* at 11-12.

24

1    The Complaint asserts that the Freedom Foundation, the entity whose lawyers represent

2    Plaintiff here, "requested the State for the same speaking privileges and access to IPs as the state

3    gave SEIU pursuant to the 2015-2017 CBA on January 20, 2015." *Id.,* at 10.  The state did not

4    respond, so the Freedom Foundation construed the lack of response as a denial. *Id.,* at 10-11.

5    The Complaint asserts that the state is violating "Plaintiff's and similarly situated IPs' First

6    Amendment rights" by forcing the pro-union content or viewpoint based speech on them as

7    captive audiences at mandatory meetings, on the bulletin board and online. *Id.*, at 15.  It also

8    asserts that the state is violating the Washington State Constitution Art. 8 § 5 and RCW

9    42.52.160 by expending resources in favor of SEIU and receiving nothing in exchange. *Id.*, at

10   19-24.  Plaintiff seeks declaratory relief that certain provisions of the CBA are invalid and

11   injunctive relief to prohibit enforcement of those terms, as well as attorneys' fees and costs. *Id*.,

12   at 24-25.

13                              **PENDING MOTIONS**

14    Defendant NW Training Partnership argues it should be dismissed from this case because

15   Plaintiff has not plead any claims against it.  Dkt. 16.  Further, it points out that it is not a party to

16   the CBA, and so Plaintiff seeks no relief it can give him.  *Id.*

17    Plaintiff opposes the motion, arguing that NW Training Partnership is a necessary party

18   under Fed. R. Civ. P. 19.  Dkt. 19.  He maintains that he cannot get complete relief without the

19   inclusion of NW Training Partnership.  *Id*.  He argues that it is NW Training Partnership's

20   "unique position as the facilitator of the unconstitutional meetings which occur at the trainings it

21   runs" that give it the ability to defeat any relief ordered in this case.  *Id.*  Plaintiff asserts that as a

22   "third-party beneficiary" to the CBA, NW Training Partnership could initiate an action which

23   may create inconsistent obligations for the other parties to this suit.  *Id.*  He argues that NW

24

1  Training Partnership should be bound by this case because "as the sole provider" of State-

2  mandated training, the Partnership is a state actor and acts under the color of state law for

3  Fourteenth Amendment § 1983 purposes.  *Id.*

4      NW Training Partnership replies, arguing that dismissal of it is proper where Plaintiff

5  concedes that he states no claims against it and seeks no relief from it.  Dkt. 22.  NW Training

6  Partnership argues that it is not a necessary party because Plaintiff can obtain complete relief

7  without it.  *Id*. It argues that if it is dismissed, there is no risk of inconsistent obligations.  *Id.*  It

8  maintains that any future litigation between Plaintiff and NW Training Partnership over NW

9  Training Partnership's provision of benefits is governed by ERISA.  *Id.* (*citing* 29 U.S.C. §§

10  1132 (a)(1)(B), 1133).  NW Training Partnership points out that Plaintiff's argument (for state

11  actor liability under § 1983) is irrelevant because Plaintiff makes no such claim against it.  *Id.*

12  Further, Plaintiff fails to allege anywhere in his Complaint that NW Training Partnership is a

13  "necessary party."  *Id.*

14      Plaintiff files a surreply and moves the Court for an order striking NW Training Partnership's

15  contention that *Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship and Training*

16  *Comm.,* 440 F. Supp. 506 (N.D. Cal 1977) is bad law and NW Training Partnership's claim that

17  no evidence exists that it would circumvent this Court's ruling.  Dkt. 25.

18      This opinion will first consider the motion to strike and then the motion to dismiss.

19              **II.      DISCUSSION**

20      **A.  MOTION TO STRIKE**

21      Local Rule W.D. Wash. 7(g), permits motions to strike "material contained in or attached

22  to submission of opposing parties."

23

24

ORDER ON SEIU HEALTHCARE NW TRAINING
PARTNERSHIP'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)- 5

1    Plaintiff's motion to strike NW Training Partnership's contention that *Eldredge* is bad

2  law (Dkt. 25) should be denied.  While *Eldredge* appears to have been reversed on grounds not

3  relied upon by Plaintiff here, *Eldredge v. Carpenters 46 N. Cal. Ctys. Joint Apprenticeship and*

4  *Training Comm.,* 662 F.2d 534 (9th Cir. 1981)(holding that the absent parties were not

5  "necessary" under Rule 19 overruling the district court's holding that the absent parties were

6  necessary parties), the motion was unnecessary. As a ruling from another district court, the

7  holdings Plaintiff does rely on are not binding.

8    Plaintiff's motion to strike NW Training Partnership's claim that no evidence exists that

9  it would circumvent this Court's ruling (Dkt. 25) should be denied.  In support of his motion,

10  Plaintiff attaches an email.  Dkt. 25-1.  The email does not contain evidence that NW Training

11  Partnership would circumvent this Court's ruling despite Plaintiff assertion that it does.  Further,

12  it is marked "Confidential Pursuant to ER 408" and contains settlement negotiations (including

13  reference to Plaintiff taking a position that NW Training Partnership is not a necessary party,

14  which is contrary to its position in opposition to this motion to dismiss).  Plaintiff's motion to

15  strike on this issue should be denied.

16    **B.  MOTION TO DISMISS**

17        1.  Standard

18    Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal

19  theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v.*

20  *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as

21  admitted and the complaint is construed in the plaintiff's favor.  *Keniston v. Roberts*, 717 F.2d

22  1295 (9th Cir. 1983).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

23  need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

24

1    to relief requires more than labels and conclusions, and a formulaic recitation of the elements of

2    a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65

3    (2007)(*internal citations omitted*). "Factual allegations must be enough to raise a right to relief

4    above the speculative level, on the assumption that all the allegations in the complaint are true

5    (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to

6    relief that is plausible on its face." *Id*. at 1974.

7          2.   <u>NW Training Partnership's Motion</u>

8      NW Training Partnership's motion to dismiss (Dkt. 16) should be granted, but for the reasons

9    provided below, Plaintiff should be given an opportunity to file an amended complaint, if he

10    wishes.

11      Plaintiff's arguments regarding Fed. R. Civ. P. 19 are unhelpful to contesting the motion to

12    dismiss. Rule 19 (a)(1)(A) provides: "[a] person who is subject to service of process and whose

13    joinder will not deprive the court of subject matter jurisdiction must be joined as a party if . . . in

14    that person's absence the court cannot accord complete relief among existing parties." Further,

15    Rule 19 (a)(1)(B) deems a person "necessary" for joinder if:

16          That person claims and interest relating to the subject of the action and is so
             situated that disposing of the action in the person's absence may:
17

18              (i) as a practical matter impair or impede the person's ability to protect the
             interest; or

19              (ii) leave an existing party subject to a substantial risk of incurring double,
             multiple, or otherwise inconsistent obligations because of the interest.
20

21      Plaintiff has failed to show that NW Training Partnership is a "necessary" party to this

22    case. He argues that he cannot receive complete relief without the inclusion of NW Training

23    Partnership, the "sole and exclusive entity that provides training to IPs in Washington," in this

24

1  suit.  *Id*.  So, he reasons, NW Training Partnership should not be dismissed under Rule 19

2  (a)(1)(A).

3      It is undisputed that NW Training Partnership is not a signatory to the CBA.  Plaintiff does

4  not allege that the NW Training Partnership presents union information itself.  Indeed, the CBA

5  requires that NW Training Partnership only provide SEIU 775 with "reasonable access" to its

6  facilities so that the **union** can make presentations on union issues.  Dkt. 16-1, at 30.  If

7  Plaintiff's relief is granted, there would be no union presentation meeting for which NW

8  Training Partnership would have to provide access to its facilities.

9      Plaintiff argues that NW Training Partnership, as a third party beneficiary to the CBA, could

10  "initiate an action to enforce its training preferences" against the state or SEIU 775, and may

11  leave a party to the litigation with inconsistent obligations.  Plaintiff offers no support for this

12  argument.  NW Training Partnership contends that it is an ERISA multi-employer employee

13  welfare benefit plan, and that its only interest in enforcement of the CBA "relates to the

14  provisions requiring employer contributions." Dkt. 22 (*citing* 29 U.S.C. § 1145, which requires

15  employers to make contributions in accord with a CBA).  Plaintiff has not shown that NW

16  Training Partnership is a necessary party.

17      Plaintiff also asserts, in his Response, that NW Training Partnership's absence from this case

18  "creates the unsavory possibility that it will continue to compel meetings between SEIU and the

19  IPs," and so subject existing parties to "inconsistent obligations."  Dkt. 19, at 11.  Plaintiff offers

20  no support for this assertion.  Moreover, in its Reply, NW Training Partnership clarifies in its

21  Reply, that "if a final judgment in this case determines that the disputed terms of the CBA are

22  unconstitutional and enjoins their application, [it] will not provide 'reasonable access'" to its

23  facilities.  Dkt. 22.

24

ORDER ON SEIU HEALTHCARE NW TRAINING
PARTNERSHIP'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)- 8

1    Plaintiff also contends that if NW Training Partnership does act to circumvent this Court's

2    rulings, it would be a violation of its' fiduciary duties, and would require litigation on the same

3    questions raised here.  Dkt. 19.  NW Training Partnership properly points out that to the extent

4    that Plaintiff believed that NW Training Partnership had breached its fiduciary duties, then

5    ERISA would provide the exclusive means of adjudicating that dispute.  Dkt. 22, at 8 (*citing* 29

6    U.S.C. §§ 1132(a)(1)(B), 1133, and so the litigation would not be over the same issues.

7    Plaintiff acknowledges that he does not make any claims against NW Training Partnership.

8    Plaintiff, argues that even though he does not, he could, state a claim against NW Training

9    Partnership. Dkt. 19.  While he states that he doesn't seek any relief from NW Training

10   Partnership, that is not wholly clear.  Some of Plaintiff's arguments in opposition to this motion

11   seem to indicate that he does intend to seek relief from NW Training Partnership.  While the

12   motion to dismiss should be granted, Plaintiff should be given an opportunity to clarify his

13   position.  *Moss v. U.S. Secret Service,* 572 F.3d 962, 972 (9th Cir. 2009)(holding that "dismissal

14   without leave to amend is improper unless it is clear, upon de novo review, that the complaint

15   could not be saved by any amendment").  Plaintiff should be granted leave to amend his

16   Complaint, if he wishes.  An amendment, if any, should be filed on or before June 6, 2016.

17                          **III.    ORDER**

18   Therefore, it is hereby **ORDERED** that:

19   • SEIU Healthcare NW Training Partnership's Motion to Dismiss pursuant to Fed.

20      R. Civ. P. 12(b)(6) (Dkt. 16) is **GRANTED**;

21      o Plaintiff may, if he chooses, file an amended complaint on or before **June**

22         **6, 2016**; and

23   • Plaintiff's Motion to Strike (Dkt. 25) is **DENIED**.

24

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2  to any party appearing *pro se* at said party's last known address.

3    Dated this 9th day of May, 2016.

4

5

6  ROBERT J. BRYAN
   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON SEIU HEALTHCARE NW TRAINING
PARTNERSHIP'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(B)(6)- 10