HON. ROBERT J. BRYAN

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| Kenneth Alvarez, an Individual Provider in Washington,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR JAY INSLEE, in His Official Capacity as Governor of the State of Washington; PATRICIA LASHWAY in Her Official Capacity as Director of the Washington Department of Social and Health Services ("DSHS"), SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW ("SEIU 775"), a labor organization;<br><br>Defendants. | NO. 3:16-cv-5111<br><br>PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT<br><br>**Noted for Consideration: September 9, 2016** |

## I. INTRODUCTION & REQUESTED RELIEF

Plaintiff Kenneth Alvarez ("Plaintiff") respectfully moves the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file an AMENDED COMPLAINT, a copy of which is attached hereto. The new complaint maintains the counts and allegations against defendants SEIU 775, Inslee and Lashway from the original complaint (Defendant Lashway is the new Director of the Washington Department of Social and Health Services instead of Kevin



FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

Quigly, previously named in the original complaint) and removes defendant SEIU Healthcare NW Training Partnership. The new complaint also accounts for factual developments that have occurred since the original complaint was filed, including (i) a Memorandum of Understanding Between the State of Washington and SEIU 775 dated April 4, 2016, which states that union meetings during contracting processing and/or appointments, basic training, and continuing education are not required for IPs, and (ii) adds new plaintiffs that have participated in such meetings since April 4, 2016. Defendants have agreed to waive timeliness objections to adding new plaintiffs if made within 30 days of the original deadline to add new plaintiffs. Plaintiff seeks the Court's leave to amend, which should be granted for the reasons set forth below.

## II. STATEMENT OF FACTS

On February 11, 2016, Plaintiff filed a Complaint for Declaratory Judgment and Injunctive Relief. Dkt. 1. Plaintiff alleged that various provisions of the 2015-2017 Collective Bargaining Agreement ("CBA") between the State of Washington and Defendant SEIU 775 were unconstitutional and violated Washington statutory and constitutional law. *Id*. On April 4, 2016, the State of Washington and Defendant SEIU 775 signed a Memorandum of Understanding which deleted Article 2.3 and 15.13(A) of the 2015-2017 Collective Bargaining Agreement and agreed upon a substitute Article 2.3 and Article 15.13(A). On July 19, 2016, the parties subsequently agreed to extend the deadlines for Defendants to produce discovery and for Plaintiff to join new parties by 30 days. *See* Decl. of Stephanie Olson, Ex. A. This Court entered a Minute Scheduling Order setting the deadline for filing a motion to join parties on August 1, 2016. *See* Minute Ord. Setting Trial and Pretrail Dates, Dkt. 31. Plaintiff files its Amended Complaint on September 1, 2016, and Plaintiff has contacted Defendants' counsel about the timeliness of the filing. *Id.*, Ex. B.



FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

## III. ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. The decision whether to grant leave to amend a pleading is within the sound discretion of the district court, but as the Ninth Circuit has aptly recognized, "Rule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *U.S. v. Webb*, 655 F.2d 997, 979 (9th Cir. 1981). Therefore, a justifying reason must be apparent for denial of a motion to amend. Unless a substantial reason exists to deny leave to amend, a Motion for Leave to Amend should be granted. "The party opposing the motion for leave to amend bears the burden of demonstrating that a 'substantial reason exists to deny leave to amend.'" *State of Cal. Ex. rel Mueller v. Walgreen Corp.*, 175 F.R.D. 631, 637 (N.D. Cal. 1997) (quoting *Shipner v. Eastern Air Lines*, 868 F.2d 401, 407 (11th Cir. 1989))). "The court ordinarily considers five factors when determining whether to grant leave to amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment," and (5) whether the pleadings have previously been amended. The court need not consider all of these factors in each case. The third factor, however, prejudice to the opposing party, is the 'touchstone of the inquiry under rule 15(a).'" *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015). The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990) (noting that proposed amendments to the complaint would require different legal theories and require proof of different facts, new claims under federal statutes). "In



FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment." *Wizards of the Coast LLC*, 309 F.R.D. at 649.

In light of the factual developments since Plaintiff filed suit in February 2016, good cause for amending the Complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the motion to amend, as none of the factors that may militate against it are present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

Two events have transpired since Plaintiff's original complaint. First, in April 2016, the State of Washington and Defendant SEIU 775 agreed to a Memorandum of Understanding which purported to make the previously mandatory union meetings "optional." Second, several new plaintiffs have come forward since April 2016 who have undergone some sort of training. Thus, these new plaintiffs have directly experienced the allegedly optional nature of the union meetings.

None of the factors that may militate against granting a motion to amend are present in this case. Defendants agreed not to oppose any request by Plaintiff to join additional parties that is made within 30 days of the original deadline on the grounds of untimeliness. *See* Olson Decl., Ex. A. There is no undue delay in Plaintiff's request to amend given that Defendants have already agreed to a 30-day extension. "Furthermore, the Ninth Circuit has stated that undue delay by itself is insufficient to justify denying leave to amend." *Wizards of the Coast LLC*, 309 F.R.D. at 649.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The updated facts demonstrate the changes to the 2015-2017 CBA, if those changes have been conveyed to IPs, whose First Amendment rights are at stake. Thus, the amendments are narrowly



FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

tailored to reflect the present circumstances and Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits.

Further, Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by Plaintiff in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the transaction described therein. Discovery has only just begun, indeed, as Defendants requested a month delay to respond to Plaintiff's first discovery requests.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible.

Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## IV. CONCLUSION

For the reasons identified above, Plaintiff requests that the Court Grant Plaintiff's Motion for Leave to File the proposed Amended Complaint.

DATED this 1st day of September 2016.

By: /s/ Stephanie Olson

Stephanie Olson WSBA #50100
James G. Abernathy WSBA #48801
David M.S. Dewhirst WSBA # 48229
c/o Freedom Foundation
P.O. Box 552
Olympia, WA 98507
Telephone: (360) 956-3482
Fax: (360) 352-1874
Email: solson@myfreedomfoundation.com






Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301

JAbernathy@myfreedomfoundation.com
DDewhirst@myfreedomfoundation.com
Attorneys for Plaintiff Alvarez

**DECLARATION OF SERVICE**

I, Stephanie Olson, hereby declare under penalty of perjury under the laws of the State of Washington that on September 1, 2016, I caused the foregoing document and related attachments to be delivered via e-mail to the following:

. Scott A Kronland skronland@altber.com, jperley@altber.com

. Michael C Subit msubit@frankfreed.com, jfrancisco@frankfreed.com

. Susan Sackett-Danpullo susand1@atg.wa.gov, loris2@atg.wa.gov, lpdarbitration@atg.wa.gov

. Alicia O Young AliciaO@atg.wa.gov, alib@atg.wa.gov, nicolew@atg.wa.gov,

. DianeP1@ATG.wa.gov, stacyo@atg.wa.gov, TorOlyEF@atg.wa.gov

DATED: September 1, 2016, at Olympia, Washington.

Stephanie Olson



FREEDOM FOUNDATION
Legal@myFreedomFoundation.com
360.956.3482 | myFreedomFoundation.com
WA | PO Box 552, Olympia, WA 98507
OR | 736 Hawthorne Ave NE, Salem OR 97301