1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| KENNETH ALVAREZ, | CASE NO. 16-5111 RJB |
|---|---|
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| GOVERNOR JAY INSLEE, in his official capacity as Governor of the State of Washington; KEVIN W. QUIGLEY, in his official capacity as Director of the Washington Department of Social and Health Services, SERVICE EMPLOYEES INTERNATIONAL UNION HEALTHCARE 775NW, a labor organization; and SEIU HEALTHCARE NW TRAINING PARTNERSHIP | |
| Defendants. | |

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint. Dkt. 35.  The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

1    Plaintiff filed this case asserting that his First Amendment rights against compelled

2 speech are being violated when the State of Washington requires him, as an "individual provider

3 . . . of personal or respite care services" ("IP"), to: (1) meet with Defendant Service Employees

4 International Healthcare 775NW ("SEIU") and listen to "its private, pro union speech as part of

5 IP's mandatory training," (2) receive SEIU's "private pro-union speech" by devoting certain

6 bulletin boards to SEIU's leaflets, and (3) receive SEIU's "private pro-union speech" by

7 devoting certain spaces on IP's mandatory payroll system to SEIU's messages.  Dkt. 1.  Plaintiff

8 also makes claims under the Washington State Constitution Art. 8 § 5, which Plaintiff contends

9 "prohibits the state from giving or loaning its credit to any association," and RCW 42.52.160,

10 which Plaintiff maintains "prohibits state officers and employees from using any persons, money

11 or property under the officers' official control, for the benefit or gain of another beyond a de

12 minimis use."  *Id*.  Plaintiff seeks declaratory and injunctive relief as well as attorneys' fees and

13 costs.  *Id.*

14    Plaintiff now moves for leave to file an amended complaint.  Dkt. 35.  For the reasons

15 stated below, the motion should be granted.

16                        **I.    FACTS**

17    The facts are in the Court's May 9, 2016 Order on Defendant SEIU Healthcare NW Training

18 Partnership's Motion to Dismiss, and for ease of reference are repeated here:

19       According to the Complaint, Plaintiff is an IP who is paid by Washington's
         Department of Social and Health Services ("DSHS") to provide care for his
20       disabled fiancé. Dkt. 1, at 5. He asserts that "IPs are public employees 'solely for
         the purposes of collective bargaining' and have been organized into a single
21       statewide bargaining unit." *Id.* (*citing* RCW 74.39A.270). SEIU is the "exclusive
         representative of the IP bargaining unit," and so engages in collective bargaining
22       with the state (as represented by the governor or governor's designee). *Id.,* at 6.
         The state and SEIU are obligated to bargain in good faith. *Id.* As is relevant to
23       this motion, NW Training Partnership is asserted to be a nonprofit 501(c)(3)
         formed by SEIU "and participating employers, including the State of Washington,
24

with its place of business located at 635 Andover Park W, Seattle, WA 98188." *Id.*, at 6. The Complaint asserts that NW Training Partnership provides all IP training, which is a condition of the IP's employment. *Id.* at 7.

According to the Complaint, the 2015-2017 Collective Bargaining Agreement ("CBA") between the state and SEIU obligates the state to require that IPs receive SEIU's "pro-union speech during portions of mandatory events that Plaintiff and all other similarly situated IPs must complete as a condition of employment." *Id.* at 6. As instances where the state has compelled him to receive SEIU's "pro-union" speech (which he maintains is unrelated to client-care training) through the CBA, Plaintiff points to forced meetings with SEIU during paid mandatory basic training, contracting appointments, and continuing education classes. *Id.,* at 7-8. He also points to required exposure to SEIU's speech on bulletin boards which IPs must "necessarily frequent due to work-related business" and on the state mandated online payroll system where SEIU receives space for displaying messages. *Id.* at 8-9. The Complaint asserts that during all these contacts, SEIU "promotes its organization, solicits funding, solicits membership, solicits donations to political committees, and extols its positions on matters of public concern." *Id.* at 9-10. It maintains that Plaintiff "objects to being compelled to listen to and receive SEIU's speech" and that he cannot avoid it when visiting state offices or using the online system. *Id.,* at 10. According to the Complaint, "neither union membership nor the payment of any dues or fees to SEIU is a condition for Plaintiff, or any IP, to receive reimbursements/pay." *Id.,* at 10. The Complaint alleges that by paying the IPs to attend the required events where SEIU is speaking, the state is giving its money, property and employees in the aid of SEIU. *Id.* at 11-12.

The Complaint asserts that the Freedom Foundation, the entity whose lawyers represent Plaintiff here, "requested the State for the same speaking privileges and access to IPs as the state gave SEIU pursuant to the 2015-2017 CBA on January 20, 2015." *Id.,* at 10. The state did not respond, so the Freedom Foundation construed the lack of response as a denial. *Id.,* at 10-11.

The Complaint asserts that the state is violating "Plaintiff's and similarly situated IPs' First Amendment rights" by forcing the pro-union content or viewpoint based speech on them as captive audiences at mandatory meetings, on the bulletin board and online. *Id.*, at 15. It also asserts that the state is violating the Washington State Constitution Art. 8 § 5 and RCW 42.52.160 by expending resources in favor of SEIU and receiving nothing in exchange. *Id.*, at 19-24. Plaintiff seeks declaratory relief that certain provisions of the CBA are invalid and injunctive relief to prohibit enforcement of those terms, as well as attorneys' fees and costs. *Id*., at 24-25.

Dkt. 26, at 2-4. Defendant SEIU Healthcare NW Training Partnership's Motion to Dismiss was granted. *Id.* Plaintiff was given leave until June 6, 2016 to amend his complaint regarding SEIU Healthcare NW Training Partnership, but did not.

**PENDING MOTION**

Plaintiff now seeks leave to file an amended complaint to: (1) add three other IPs, Carol Shetler, William Vaughn, and Raul Flores, (2) dismiss Defendants SEIU Healthcare NW Training Partnership and Kevin Quigley, (3) add as a Defendant Patricia Lashway, the new Director of the Washington Department of Social and Health Services, and (4) add factual allegations and claims relating to a Memorandum of Understanding between the State of Washington and SEIU dated April 4, 2016. Dkt. 35.  A proposed amended complaint, including lined corrections was filed with the motion. Dkt. 35-1.  All Defendants oppose the motion. Dkts. 36 and 39.

## II.   DISCUSSION

### A. STANDARD ON MOTION TO AMEND

Under Fed. R. Civ. P. 15(a)(1), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . ."  Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  A motion to amend under Rule 15(a)(2), "generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party." *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, (9th Cir. 2011).

Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 35) should be granted.  There is no showing of bad faith, undue delay, or futility in the proposed amendments.  Further, Defendants have not shown that they will suffer undue prejudice if Plaintiff is given leave to file his proposed amend complaint.  Defendants raise concerns regarding the scope of discovery if

these new plaintiffs are added.  There is ample time for discovery.  The discovery period runs until January 3, 2017. Dkt. 31.  If parties require more time for certain discovery, they are free to request it, after making a showing that it is necessary.  Further, parties should focus discovery as much as possible.  The Plaintiff's motion (Dkt. 35) should be granted and he should be given until September 26, 2016 to file a clean copy of his amended complaint.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 35) is **GRANTED**; and
- Plaintiff shall file a clean copy of the Amended Complaint on or before **September 26, 2016.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 21st day of September, 2016.

_____
ROBERT J. BRYAN
United States District Judge