UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH ALVAREZ,

                Plaintiff,

      v.

GOVERNOR JAY INSLEE, et al,

                Defendants.

CASE NO. 16-5111 RJB

ORDER ON STIPULATED
PROTECTIVE ORDER AND ORDER
RE: AMENDED COMPLAINT

      This matter comes before the Court on the Defendant SEIU 775's Motion for a Protective Order.  Dkt. 46.  The Court has considered the motion and the remaining record.

      On February 11, 2016, Plaintiff filed this case asserting that his First Amendment rights against compelled speech are being violated when the State of Washington requires him, as an "individual provider . . . of personal or respite care services" ("IP"), to: (1) meet with Defendant Service Employees International Healthcare 775NW ("SEIU") and listen to "its private, pro union speech as part of IP's mandatory training," (2) receive SEIU's "private pro-union speech" by devoting certain bulletin boards to SEIU's leaflets, and (3) receive SEIU's "private pro-union speech" by devoting certain spaces on IP's mandatory payroll system to SEIU's messages.  Dkt. 1.  Plaintiff also makes claims under the Washington State Constitution Art. 8 § 5, which Plaintiff contends "prohibits the state from giving or loaning its credit to any association," and

RCW 42.52.160, which Plaintiff maintains "prohibits state officers and employees from using any persons, money or property under the officers' official control, for the benefit or gain of another beyond a de minimis use." *Id.* Plaintiff seeks declaratory and injunctive relief as well as attorneys' fees and costs. *Id.*

On August 23, 2016, the parties filed a proposed Stipulated Protective Order that sought an order protecting:

"Confidential" material defined to include the following information, documents, and tangible things produced or otherwise exchanged:

a.  Internal Policies of SEIU 775
b.  Talking points and scripts for SEIU 775 presentations
c.  Collective bargaining proposals
d.  Tentative collective bargaining agreements e.   Collective bargaining notes
f.  The identity and contact information of each person who has conducted, led, and/or spoken at, or will conduct, lead, and/or speak at, SEIU 775 presentations
g.  The names and contact information of Individual Providers
h.  The names, dates, times and locations of basic training and continuing education classes.

Dkt. 32, at 2. Parties made no showing that the last three items on the list (f, g, and h) warranted protection in the circumstances. Accordingly, the parties' proposed Stipulated Protective Order (Dkt. 32) was denied without prejudice. Dkt. 41.

Defendant SEIU now moves for entry of its proposed protective order (Dkt. 46-1) which again seeks a court order to protect confidential material. Dkt. 46. According to the proposed protective order,

"Confidential" material shall include the following information, documents, and tangible things produced or otherwise exchanged:

a.  Internal Policies of SEIU 775;
b.  Talking points and scripts for SEIU 775 presentations;
c.  Collective bargaining proposals;
d.  Tentative collective bargaining agreements;
e.  Collective bargaining notes

f.  The identity and contact information of each Individual Provider who has conducted, led, and/or spoken at, or will conduct lead and/or speak at an SEIU 775 presentations;

g.  The names and contact information of Individual Providers;

h.  The names, dates, times and locations of basic training and continuing education classes.

Dkt. 46-1.  The proposed order conforms in all other material aspects to the Western District of Washington's model protective order.  SEIU argues that entry of an order protecting this information is warranted.

## DISCUSSION

Fed. R. Civ. P. 26(c)(1) provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery; . . .
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. . . .

Defendant SEIU now shows good cause for entry of a protective order regarding the above listed items.  SEIU has shown that their internal policies, talking points and scripts for SEIU 775 presentations, collective bargaining proposals, tentative collective bargaining agreements, and collective bargaining notes contain confidential research and warrant protection. It has shown that when the names and contact information of IPs are made public, they are

harassed.  SEIU has shown good cause to protect the personal information of IPs that conducted, led, and/or spoken at, or will conduct lead and/or speak at an SEIU 775 presentations.  It has also shown good cause to protect the names, dates, times and locations of basic training and continuing education classes because of the proprietary information that is distributed at the meetings.  Moreover, Plaintiffs did not object to entry of SEIU's proposed protective order. Entry of that order follows.

### OTHER MATTERS

On September 21, 2016, Plaintiff's motion to amend his complaint was granted.  Dkt. 45. A proposed amended complaint, including lined corrections, was filed with the motion to amend. Dkt. 35-1.  Plaintiff was given until September 26, 2016 to file a clean copy of his amended complaint.  He has not done so.  If Plaintiff fails to file a clean copy of his amended complaint on or before October 28, 2016, the Court may assume that Plaintiff no longer intends to proceed with the claims and/or parties he named in his proposed amended complaint.

**IT IS ORDERED:**

- Defendant SEIU 775's Motion for a Protective Order (Dkt. 46) **IS GRANTED;** and

- If Plaintiff fails to file a clean copy of his amended complaint on or before **October 28, 2016**, the Court may assume that Plaintiff no longer intends to proceed with the claims and/or parties he named in his proposed amended complaint.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

1    Dated this 25th day of October, 2016.

2

3

4                    ROBERT J. BRYAN
                     United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON STIPULATED PROTECTIVE ORDER
AND ORDER RE: AMENDED COMPLAINT- 5