1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

KEENETH ALVAREZ, CAROL
SHELTER, and RAUL FLORES,
individual providers in Washington,

12

Plaintiffs,

13

v.

14

15

GOVERNOR JAY INSLEE, in his
official capacity as Governor of the State
of Washington, PATRICIA LASHWAY,
in  her official capacity as Director of the
Washington Department of Social and
Health Services, SERVICE EMPLOYEES
INTERNATIONAL UNION
HEALTHCARE 775 NW, a labor
organization,

16

17

18

19

Defendants.

20

CASE NO. 16-5111 RJB

ORDER ON PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF
DOCUMENTS FROM NONPARTY
SEIU PARTNERSHIP AND
REQUEST FOR RELIEF FROM
DISCOVERY DEADLINES

21

This matter comes before the Court on the Plaintiffs' Motion to Compel Production of

22

Documents from Nonparty [SEIU Healthcare Northwest Training Partnership ("NW Training

23

24

ORDER ON PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM
NONPARTY SEIU PARTNERSHIP AND
REQUEST FOR RELIEF FROM DISCOVERY
DEADLINES- 1

1  Partnership")] and Request for Relief from Discovery Deadlines.  Dkt. 63.  The Court has

2  reviewed the pleadings filed regarding the motion and the remaining file.

3                                          I.       **FACTS**

4       **A.  BACKGROUND FACTS**

5             Plaintiff Alvarez originally filed this case against the currently named Defendants and

6  NW Training Partnership on February 11, 2016.  Dkt. 1.  On May 9, 2016, the NW Training

7  Partnership's motion to dismiss was granted because Plaintiff Alvarez failed to state a claim

8  against it and the NW Training Partnership was dismissed.  Dkt. 26.  Plaintiff was given leave to

9  amend his complaint, and on October 25, 2016, he filed an Amended Complaint, which, among

10  other things, added two additional Plaintiffs, but did not plead claims against NW Training

11  Partnership.  Dkt. 51.

12            According to the Amended Complaint, Plaintiffs are "individual provider[s] . . . of

13  personal or respite care services" ("IP") who are paid by Washington's Department of Social and

14  Health Services ("DSHS" or "State") to provide care for qualifying disabled individuals.  Dkt.

15  51, at 5.  They assert that "IPs are public employees 'solely for the purposes of collective

16  bargaining' and have been organized into a single statewide bargaining unit."  *Id.,* at 6 (*citing*

17  RCW 74.39A.270).  Defendant Service Employees International Union Healthcare 775 NW

18  ("SEIU") is the "exclusive representative of the IP bargaining unit," and so engages in collective

19  bargaining with the state (as represented by the governor or governor's designee).  *Id.,* at 6-7.

20  The state and SEIU are obligated to bargain in good faith.  *Id.,* at 7.  NW Training Partnership

21  provides basic and continuing education/training classes for the IPs.  Dkt. 70.  The Amended

22  Complaint asserts that attendance at the IP education/training classes is a condition of the IP's

23  employment.  *Id.* at 8-9.

24  ORDER ON PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM
NONPARTY SEIU PARTNERSHIP AND
REQUEST FOR RELIEF FROM DISCOVERY
DEADLINES- 2

1    The Amended Complaint asserts that under the Collective Bargaining Agreement

2    ("CBA") the State must set aside 30 minutes for SEIU's presentations at the NW Training

3    Partnership's basic education/training class, and 15 minutes for SEIU's presentations at

4    contracting appointments and at the NW Training Partnership's continuing education/training

5    classes. *Id.,* at 7-9.  Plaintiffs allege that the State pays IPs while they are attending these events,

6    and IPs are required to, or believe they are required to, listen to SEIU's speech. *Id.*  The

7    Amended Complaint alleges that SEIU also receives space on the "necessarily frequented"

8    bulletin boards and on the online payroll system. *Id.,* at 9-10.  It maintains that by paying the IPs

9    to attend NW Training Partnership's basic training, contracting appointments, and NW Training

10   Partnership's continuing education/training (all of where SEIU makes its presentations), the State

11   "gives [the State's] money in the aid of SEIU." *Id.*, at 12.  The Amended Complaint asserts that

12   the State "uses its employees, money and property for the benefits of SEIU." *Id.,* at 13.

13   The Amended Complaint acknowledges that on April 4, 2016, after the initial Complaint

14   in this case was filed, a Memorandum of Understanding was entered into by the State and SEIU.

15   *Id.,* at 16.  According to the Amended Complaint, this Memorandum of Understanding provided

16   that:

17   Individual providers will not be required to meet with Union representatives and
     will suffer no discrimination or retaliation as a result of their choice to meet or not
18   to meet. The Employer will remain neutral, and will not either encourage
     individual providers to meet or discourage them from meeting with Union
19   representatives.

20   *Id.*  The Memorandum of Understanding is alleged to further provide:

21   The parties agree that the Training Partnership shall provide the Union with
     reasonable access to its training classes, including providing the Union with
22   technical support for online learning, in order for the Union to make a
     presentation concerning the Union and individual providers' rights and benefits
23   ("Union issues"). The content of the presentation will be determined solely by the

24   ORDER ON PLAINTIFFS' MOTION TO COMPEL
     PRODUCTION OF DOCUMENTS FROM
     NONPARTY SEIU PARTNERSHIP AND
     REQUEST FOR RELIEF FROM DISCOVERY
     DEADLINES- 3

1       Union, but will not include urging support or opposition to any political candidate
2       or ballot measure, and will be in compliance with RCW 42.52.160 and .180. The
      Employer agrees to compensate up to thirty (30) minutes of time for a
3       presentation on Union issues to all individual providers attending the Union
      portion of required basic training. The Employer agrees to compensate up to
4       fifteen (15) minutes of time annually for a presentation on Union issues to all
      individual providers attending the Union portion of required continuing education.
5       Individual providers are not required to attend the Union presentations, and will
      suffer no retaliation or discrimination as a result of their choice to attend or not to
      attend. Any additional time for presentations on Union issues agreed upon
6       between the Union and the Partnership shall not be compensated by the
      Employer.

7

8 *Id.,* at 16-17.  The Amended Complaint contends that this Memorandum of Understanding does

9 not resolve the underlying concerns because there is no provision that requires either the State or

10 the SEIU to inform the IPs that the SEIU's presentations are not mandatory.  *Id.,* at 17.

11       The Amended Complaint alleges a claim for violation of Plaintiffs' First Amendment

12 rights to the U.S. Constitution, pursuant to 42 U.S.C. § 1983, by asserting that:

13       The State violates Plaintiffs' and similarly situated IPs' First Amendment rights
      by compelling, or appearing to compel, a captive audience of IPs to receive
14       SEIU's pro-union speech in three ways: i) by mandating, or appearing to mandate,
      meetings with SEIU in contracting appointments, basic training, and continuing
15       education classes, ii) by SEIU bulletin boards in State offices "necessarily
      frequented" by IPs for work-related matters; and iii) by SEIU links and
16       notification messages on mandatory payroll systems.

17 *Id.,* at 17.  In the second claim for relief, the Amended Complaint asserts that by paying the IPs

18 to attend meetings with SEIU, which occur around training events, and "when SEIU provides

19 nothing in exchange" Article 8 Section 5 of the Washington Constitution is violated.  *Id.* In the

20 third claim for relief, the Amended Complaint maintains that "[t]he State's use of its employees,

21 money, and property for the private benefit of SEIU violates RCW 42.52.160."  *Id.*

22       For relief, Plaintiffs seek declarations from the Court that portions of the CBA and

23 Memorandum of Understanding are unconstitutional under the both the Federal and Washington

24 ORDER ON PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM
NONPARTY SEIU PARTNERSHIP AND
REQUEST FOR RELIEF FROM DISCOVERY
DEADLINES- 4

1  State Constitutions, they violate RCW 42.52.160, and are "null and void."  *Id.,* at 27-28.

2  Plaintiffs also seek injunctive relief prohibiting the Defendants from enforcing portions of the

3  CBA and Memorandum of Understanding and prohibiting the State from "compensating IPs for

4  their time during mandated meetings with SEIU representatives."  *Id.,* at 28.  Plaintiffs also seek

5  attorneys' fees and costs.  *Id.*

6        Plaintiffs have now voluntarily dismissed some of their claims related to the bulletin

7  boards and online mandatory payroll systems.  Dkt. 96 and 97.

8        **B.  FACTS RELATED TO THE PENDING MOTION**

9        On November 14, 2016, Plaintiffs served NW Training Partnership with a subpoena

10  requesting five categories of documents and demanded production by November 25, 2016.  Dkt.

11  63-1, at 4.  The NW Training Partnership objected, and as is relevant here, argued that the first

12  category of requested documents (containing the phrase "union time" or "union presentation")

13  was overly broad and not relevant, and asserted that there was no basis to take the personal

14  deposition of Charissa Raynor, NW Training Partnership's executive director.  Counsel for the

15  Plaintiffs and NW Training Partnership conferred and discussed limiting the request to the first

16  quarter of 2016.  NW Training Partnership provided some documents in response.  Plaintiffs

17  sought more, but parties were not able to come to an agreement.

18        On January 3, 2017, Plaintiffs filed the instant motion, seeking an order from this Court

19  that nonparty NW Training Partnership is to produce documents "responsive to Category 1" as

20  listed in Plaintiffs' subpoena duces tecum for "all information, documents and things that contain

21  the phrase 'union time' OR 'union presentation'" within the first quarter of 2016.  Dkts. 63 and

22  75.  Plaintiffs also seek an extension of the discovery and discovery motion deadline until

23

24  ORDER ON PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM
NONPARTY SEIU PARTNERSHIP AND
REQUEST FOR RELIEF FROM DISCOVERY
DEADLINES- 5

1    fourteen days after the NW Training Partnership produces this discovery and after Defendants

2    Inslee and Lashway complete production of the discovery requested of them.  *Id.*

3           NW Training Partnership opposes the motion and argues that it has fully complied with

4    the subpoena.  Dkt. 69.  It argues that it has turned over all of the documents related to the four

5    Plaintiffs, an "exemplar basic training class schedule, an exemplar screenshot relating to [u]nion

6    [t]ime seen by students who take online continuing education classes," a "faculty instructor

7    employee manual, excerpts related to the provision of union time in an exemplar instructional

8    services agreement, the student code of conduct, and the welcome package" given to new

9    students.  Dkt. 70, at 1-2.  The NW Training Partnership also argues that Plaintiffs' motion to

10   compel should be denied because the expense of the discovery they seek is disproportionate to its

11   limited relevancy.  Dkt. 69.  The NW Training Partnership notes that even if the search were

12   limited to the first quarter of 2016, it would be required to search 30 computers, view over 1,600

13   emails, and would take dozens of hours of staff time. Dkt. 70, at 2.  If the Court is inclined to

14   extend the discovery deadline, NW Training Partnership requests that the deposition of Ms.

15   Raynor be ordered to take place before February 2016 because she has an international trip

16   planned and Plaintiffs have already canceled her deposition twice.  *Id.*

17          SEIU filed a Response, and opposes extension of the discovery deadline.  Dkt. 67.  It

18   notes that the case was filed almost a year ago (in February of 2016), and Plaintiffs made the

19   disputed discovery request of NW Training Partnership in mid-November 2016.  *Id.*  SEIU also

20   points out that Plaintiffs have cancelled the Rule 30(b)(6) deposition of Ms. Raynor twice, and

21   SEIU opposes further continuation of the deposition.  *Id.*

22

23

24   ORDER ON PLAINTIFFS' MOTION TO COMPEL
     PRODUCTION OF DOCUMENTS FROM
     NONPARTY SEIU PARTNERSHIP AND
     REQUEST FOR RELIEF FROM DISCOVERY
     DEADLINES- 6

1   Currently, trial is set to begin on May 1, 2017 and the dispositive motions deadline is set

2   for January 31, 2017.  Dkt. 31.  Parties have already sought and received an extension of the

3   deadline to file discovery and discovery related motions.  Dkts. 61 and 66.

4   **II.      DISCUSSION**

5   **A.  MOTION TO COMPEL DISCOVERY**

6   Under Fed. R. Civ. P. 34(c), "a nonparty may be compelled to produce documents and

7   tangible things or to permit an inspection."  Likewise Rule 45 "Subpoena," provides: "[a]

8   command to produce documents, electronically stored information, or tangible things or to

9   permit the inspection of premises may be included in a subpoena commanding attendance at a

10  deposition, hearing, or trial, or may be set out in a separate subpoena."  Fed. R. Civ. P. 26 (b)(1)

11  provides:

12  Unless otherwise limited by court order, the scope of discovery is as follows:
    Parties may obtain discovery regarding any nonprivileged matter that is relevant

13  to any party's claim or defense and proportional to the needs of the case,
    considering the importance of the issues at stake in the action, the amount in

14  controversy, the parties' relative access to relevant information, the parties'
    resources, the importance of the discovery in resolving the issues, and whether the

15  burden or expense of the proposed discovery outweighs its likely benefit.
    Information within this scope of discovery need not be admissible in evidence to

16  be discoverable.

17

18  Plaintiffs' motion to compel (Dkt. 63) should be denied.  Non-party NW Training

19  Partnership has sufficiently responded to the subpoena.  Moreover, the additional discovery

20  Plaintiffs seek is overly broad and would be disproportionate to the needs of the case. Plaintiffs

21  have already been given documents related to themselves and examples of a schedule from

22  typical training sessions, manuals, etc.  Dkt. 70, at 1-2.  The importance of the additional

23  documents sought appears of little importance to the issues at stake in the action. This is a case

24  ORDER ON PLAINTIFFS' MOTION TO COMPEL
    PRODUCTION OF DOCUMENTS FROM
    NONPARTY SEIU PARTNERSHIP AND
    REQUEST FOR RELIEF FROM DISCOVERY
    DEADLINES- 7

1   for non-monetary relief (except for attorneys' fees).  Moreover, the actual parties in this case,

2   including the named Defendants, have access to all or most of these documents and have more

3   resources to respond to the discovery requests than non-party NW Training Partnership, a non-

4   profit entity organized under IRS § 501(3)(c).  The burden or expense to the non-party outweighs

5   the documents' likely benefit, particularly considering their lack of importance in resolving the

6   issues in the case.  The NW Training Partnership notes that even if the search were limited to the

7   first quarter of 2016, it would be required to search 30 computers, view over 1,600 emails, and

8   would take dozens of hours of staff time. Dkt. 70, at 2.  Each of the emails may well be several

9   pages long.  *Id.*  Plaintiffs' assertion that these emails go to their "as applied" constitutional

10   claims seems doubtful, particularly because the documents Plaintiffs seek are for the first quarter

11   of 2016 and the Memorandum of Understanding was entered into in April of 2016.  Requiring

12   non-party NW Training Partnership to produce more documents places an undue burden on

13   them, considering the documents' limited relevance. *See Dart Indus. Co., Inc. v. Westwood*

14   *Chem. Co., Inc*., 649 F.2d 646, 649 (9th Cir.1980) (limitations on discovery may be broader

15   where target is nonparty). Plaintiffs' motion to compel (Dkt. 63) should be denied.

16        **B. MOTION FOR EXTENSION OF THE DISCOVERY AND DISCOVERY RELATED MOTIONS DEADLINE**

17

18        Plaintiffs have shown good cause for a brief extension of the discovery deadline.

   Plaintiffs' motion for an extension of the January 3, 2017 discovery deadline and of the deadline

19

20   to file discovery related motions (Dkt. 63) should be granted, in part.  A firm deadline should be

   set.  Accordingly, the deadline for completion of discovery and the deadline to file discovery

21

22   related motions should be reset to January 31, 2017.

23

24   ORDER ON PLAINTIFFS' MOTION TO COMPEL
PRODUCTION OF DOCUMENTS FROM
NONPARTY SEIU PARTNERSHIP AND
REQUEST FOR RELIEF FROM DISCOVERY
DEADLINES- 8

1      Plaintiffs have canceled the deposition of nonparty NW Training Partnership's Rule

2   30(b)(6) witness twice.  The discovery deadline is now January 31, 2017.  Parties are encouraged

3   to work together to schedule depositions.  All other deadlines remain in effect.

4                              **III.    <u>ORDER</u>**

5      It is **ORDERED** that:

6      Plaintiffs' Motion to Compel Production of Documents from Nonparty SEIU Healthcare

7   Northwest Training Partnership and Request for Relief from Discovery Deadlines (Dkt. 63) **IS**:

8      • **DENIED** as to Plaintiffs' Motion to Compel Production of Documents from

9        Nonparty SEIU Healthcare Northwest Training Partnership; and

10     • **GRANTED, IN PART,** as to the Request for Relief from Discovery Deadlines;

11     • The deadline for completion of discovery **IS RESET** to January 31, 2017.

12     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

13  to any party appearing *pro se* at said party's last known address.

14     Dated this 24th day of January, 2017.

15

16

17     ROBERT J. BRYAN
       United States District Judge

18

19

20

21

22

23

24  ORDER ON PLAINTIFFS' MOTION TO COMPEL
    PRODUCTION OF DOCUMENTS FROM
    NONPARTY SEIU PARTNERSHIP AND
    REQUEST FOR RELIEF FROM DISCOVERY
    DEADLINES- 9